IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


GREGORY BEALUM                                                        PLAINTIFF

vs.                                    Civil No. 1:07-cv-01113

MICHAEL J. ASTRUE                                                     DEFENDANT
Commissioner, Social Security Administration


## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Gregory Bealum ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying his application for

Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and

XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Harry F.

Barnes referred this case to the Honorable Barry A. Bryant for the purpose of making a report and

recommendation.   The Court, having reviewed the entire transcript and relevant briefing,

recommends that the ALJ's determination be **AFFIRMED.**

## 1. Background:

Plaintiff protectively filed his application for DIB and SSI on November 4, 2004.  (Tr. 53,

602).[1]  Plaintiff alleged he was disabled due to hernia, high blood pressure, and an ulcer.  (Tr. 74).

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for
this case are referenced by the designation "Tr."

Plaintiff alleged an onset date of March 30, 2004.  (Tr. 602).  This application was initially denied on February 3, 2005 and was denied again on reconsideration on May 6, 2005.  (Tr. 30, 37).

On May 10, 2005, Plaintiff requested an administrative hearing on his application.  (Tr. 40). The hearing was held on May 30, 2006 in El Dorado, Arkansas.  (Tr. 613-648).  Plaintiff was present and was represented by counsel, Sheila Campbell, at this hearing.  *See id.*  Plaintiff and Vocational Expert ("VE") Dr. Tyra Watts testified at this hearing.  *See id.*  Plaintiff's witness, Mary Gilmore also testified.  On the date of this hearing, Plaintiff was fifty (50) years old, which is defined as a "closely approaching advanced age" under 20 C.F.R. § 404.1563 (2008), and had received his high school diploma.  (Tr. 618-620).

On October 20, 2006, the ALJ entered an unfavorable decision denying Plaintiff's request for DIB and SSI.  (Tr. 13-18).  In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since March 30, 2004, his alleged onset date.  (Tr. 17, Finding 2).  The ALJ also determined Plaintiff had the severe impairments of hernia, hypertension and back pain.  (Tr. 14, 17 Finding 3).

The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments contained in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 17, Finding 3).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC").  (Tr. 18, Findings 4, 6).  The ALJ evaluated these subjective complaints and allegedly disabling symptoms pursuant to the requirements and factors of *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984). (Tr. 15).  After reviewing these factors, the ALJ

2

discounted Plaintiff's subjective complaints of disabling pain and other limitations based upon several findings, including the following: (1) Plaintiff remained active in daily activities; (2) Plaintiff's medication lists did not suggest the presence of an impairment; and (3) an absence of objective medical evidence to support an allegation of disabling pain. (Tr. 15-16).

After discounting Plaintiff's subjective complaints, the ALJ then reviewed all the medical evidence and hearing testimony and determined Plaintiff's RFC.  (Tr. 15-16, Finding 6). Specifically, the ALJ determined Plaintiff retained the  RFC to perform light work activities.  (Tr. 18, Finding 6).  *See* 20 C.F.R. § 404.1545 (2008).

The ALJ then determined Plaintiff was unable to perform his Past Relevant Work ("PRW") but was able to perform work existing in significant numbers in the national economy.  (Tr. 18, Finding 9).  Plaintiff and the VE testified at the administrative hearing regarding these issues.  (Tr. 621-625, 644-647).  The VE testified that a hypothetical person with Plaintiff's RFC could not return to Plaintiff's PRW.  (Tr. 644).

However, the VE then testified  a hypothetical person with Plaintiff's RFC, age, education, and work experience could perform other work in the national economy.  (Tr. 645-647).   For example, the VE testified such a hypothetical person could perform work as shipping order clerk (7,500 such jobs in the State of Arkansas and 75,000 in the nation), and small products assembler (29,000 such jobs in the State of Arkansas and 800,000 in the nation). (Tr. 18, Finding 9).  The ALJ went on to find Plaintiff was not under a disability from his alleged onset date through the date of the decision.  (Tr. 18, Finding 10).

Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision.  (Tr. 8). On September 28, 2007, the Appeals Council declined to review this determination.  (Tr. 4-6).  *See*

3

20 C.F.R. § 404.984(b)(2). On November 16, 2007, Plaintiff filed the present appeal. (Doc. No. 1). Both parties have filed appeal briefs. (Doc. Nos. 3, 4). This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that

4

his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the ALJ erred in his RFC determination and the ALJ erred in disregarding the Plaintiff's complaints of pain. In response to Plaintiff's arguments, Defendant claims the ALJ properly determined Plaintiff's RFC and the ALJ properly considered Plaintiff's subjective complaints. This Court will address both of Plaintiff's arguments.

**A. RFC Determination**

Plaintiff claims the medical evidence does not support the ALJ's finding that the Plaintiff possesses the RFC to perform light work. (Doc. No. 3, Pages 6-7). Plaintiff claims he "cannot walk

6 hours in an 8 hour day and neither can he stand or walk for at least two hours in an 8 hour day."
*See id.* In response, Defendant claims "the ALJ's findings are supported by medical evidence bearing directly on Plaintiff's ability to function in the workplace." (Doc. No. 4, Page 8).

This Court finds that the ALJ's RFC determination is supported by substantial evidence and that, in making that determination, the ALJ provided a sufficient basis for his RFC determination. Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should also consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The plaintiff has the burden of producing documents to support his or her claimed RFC. *See Cox*, 160 F.3d at1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring that there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports its RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

Plaintiff was examined on March 24, 2004 by Dr. Edward Copeland. Plaintiff was evaluated for an inguinal hernia. According to Dr. Copeland the hernia was a very large left inguinal hernia.

6

(Tr. 188).  Dr. Copeland offered to schedule Plaintiff for surgery in the near future.  (Tr. 188).

Plaintiff was admitted to the VA hospital on May 5, 2004 for gastrointestinal bleeding.  (Tr. 218).  Plaintiff underwent CT imaging and EGD testing to evaluate his GI bleeding.  Plaintiff's gastric findings were normal except for the presence of the large ulcer.  (Tr. 117).  Plaintiff's esophagus, GI junction, pylorus, and duodenum all appeared normal.  (Tr. 117).  Plaintiff's colonoscopy revealed numerous medium scattered diverticula, moderate non-bleeding internal hemorrhoids, otherwise the test was normal.  (Tr. 239).

On January 7, 2005, Plaintiff was seen by Dr. Marvin Bantusia,  (Tr. 118-113).  Plaintiff had no neurological deficits and Plaintiff indicated his early morning abdominal pain went away on its own.  (Tr. 110).  Plaintiff reported no shortness of breath or chest pain.  (Tr. 108).  On exam, Plaintiff had normal range of motion of the lumbar spine and cervical spine with no reports of back pain. Plaintiff exhibited full range of motion in all extremities and joints.  (Tr. 111).  Plaintiff's reflexes, muscle tone, and sensory findings were all normal.  Dr. Bantsia also indicated Plaintiff's gait and coordination were normal, and his limb function was normal.  (Tr. 112).

Plaintiff was seen for an RFC assessment on January 28, 2005.  (Tr. 272-279).  The exam found Plaintiff had no postural, manipulative, or visual limitations.  (Tr. 275-276).  This exam supported a finding that Plaintiff could perform light work.  Further, on December 27, 2006, Plaintiff had a lumber MRI.  (Tr. 611-612).  The results of the MRI revealed multilevel spondylosis in the lumbar spine without any canal stenosis and virtually no foraminal narrowing, except for mild bilateral narrowing at L4 - 5.  (Tr. 612).

Plaintiff has the burden of establishing his claimed RFC.  *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)).  Because

Plaintiff has not met his burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds that the ALJ's RFC determination should be affirmed.

**B. Credibility Determination**

Plaintiff claims the ALJ erred by discounting his subjective complaints of pain. (Doc. No. 3, Pages 8-10). In response, Defendant claims the ALJ properly considered Plaintiff's subjective complaints of pain and other limitations. (Doc. No. 4, Pages 9-10).

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th

_____

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

8

Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ met the requirements of *Polaski.*  In assessing Plaintiff's credibility and evaluating his subjective complaints, the ALJ discounted those complaints for legally-sufficient reasons.  Specifically, as noted above, the ALJ evaluated those subjective complaints and allegedly disabling symptoms pursuant to the requirements and factors of 20 C.F.R. § 416.929.  (Tr. 15-16).  (Tr. 15-16).  Plaintiff offered no probative, objective medical evidence to show that he had ever been advised by any treating or examining physician that his symptoms were of such severity as to completely preclude involvement in SGA.

This analysis, and these noted inconsistencies, are sufficient to meet the requirements of *Polaski.  See Chamberlain v. Shalala,* 47 F.3d 1489, 1494 (8th Cir. 1995) (holding that "[w]here conflicting allegations and claims exist, credibility findings are for the ALJ to make").  Accordingly, because the ALJ's credibility determination is supported by substantial evidence, the ALJ's credibility determination, and the ALJ's decision to discount Plaintiff's subjective complaints of

9

disabling pain and other limitations should be affirmed.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence, and the undersigned recommends that the ALJ's disability determination be affirmed.

**The parties have ten (10) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See  Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED** this **4th day of February, 2009.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE